**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javier Velazquez Alarcon, | No. CV-23-00821-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Javier Velazquez Alarcon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Magistrate Judge Alison S. Bachus filed a Report and Recommendation finding the petition should be denied. (Doc. 12). Petitioner filed objections. (Doc. 21). The Court will adopt the recommendation of Magistrate Judge Bachus as set forth below.

## I.     Factual Background

In 2017, a jury convicted Petitioner of one count of first-degree murder, two counts of kidnapping, two counts of armed robbery, one count of burglary in the first degree, and one count of aggravated assault. (Doc. 10-1 at 83). Petitioner filed a direct appeal and on January 14, 2020, the Arizona Court of Appeals affirmed his sentences. (Doc. 10-1 at 82–89). The Arizona Supreme Court denied Petitioner's petition for review on October 23, 2020, (Doc. 10-1 at 91), and the Arizona Court of Appeals issued a mandate affirming his convictions on December 2, 2020, (Doc. 10-1 at 93). That day, Petitioner filed a notice of post-conviction relief ("PCR"). (Doc. 10-2 at 47). On PCR, Petitioner presented one issue

that he was denied his Sixth Amendment right to effective assistance of counsel because his attorneys failed to immediately locate his alibi witness. (Doc. 10-2 at 55–62). The PCR court found Petitioner failed to meet his burden to show counsel's assistance fell below reasonable norms or prejudiced his defense. (Doc. 10-2 at 68–74). Petitioner filed a petition for Arizona appellate review on April 18, 2022. (Doc. 10-2 at 76–81). The Arizona Court of Appeals granted review but denied relief holding Petitioner had not established an abuse of discretion. (Doc. 10-2 at 92–93). Petitioner did not file a motion for reconsideration or a petition for review and the Arizona Court of Appeals issued its mandate on December 19, 2022. (Doc. 10-2 at 95).

On May 10, 2023, Petitioner filed his federal habeas petition, seeking relief on four grounds: (1) ineffective assistance of counsel in failing to object to a seven-month delay between Petitioner's initial appearance and the arraignment; (2) denial of the right to counsel during that seven-month delay; (3) error by the trial court in denying his motion to suppress DNA evidence; and (4) cumulative prejudicial errors. (Doc. 1).

**II.     Analysis**

The Magistrate issued a Report and Recommendation ("R&R") on December 19, 2023, recommending the Court deny Petitioner's habeas petition. (Doc. 12). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made, *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003), or where an objection merely repeats arguments raised in the habeas petition, *see Scott v. Shinn*, 2021 WL 5833270, at *4 (D. Ariz. Dec. 9, 2021) ("Petitioner's objections largely amount to his repeating the same arguments he raised in his habeas petition and reply. . . . This approach is impermissible—at this stage of the proceedings, Petition must identify specific flaws in the R&R's reasoning, not simply repeat his earlier arguments."). Petitioner filed objections to the R&R. (Doc. 15). But, as Respondents correctly state in their reply, Petitioner failed to challenge the R&R's

conclusions and simply repeats his petition's substantive arguments. (Doc. 30 at 3).

### a. Ground One

In ground one, Petitioner asserts his "Sixth Amendment right to the effective assistance of counsel was denied when counsel, once appointed, failed to object to the seven-month delay endured by [Petitioner] without counsel between the initial appearance and the arraignment, during which time necessary exculpatory evidence was lost." (Doc. 3 at 14). Plaintiff claims this delay prevented him from timely consulting with a knowledgeable attorney, obtaining details of the alleged offenses through discovery, securing exculpatory video evidence showing Petitioner's presence at a Circle K store while the crime was committed, locating exculpatory witnesses who could have verified this alibi, and asserting the right to a speedy trial in a timely matter. (Doc. 3 at 14–15).

The R&R found ground one is procedurally defaulted and Petitioner did not show cause for the default or resulting prejudice or a fundamental miscarriage of justice absent consideration on the merits. (Doc. 12 at 9–14). Petitioner's objection argues post-conviction relief and appellate counsel were ineffective in failing to raise the issue of the delay constituting cause and prejudice to excuse procedural default. (Doc. 21 at 9–17). But the R&R explicitly considered this argument in finding cause and prejudice did not excuse Petitioner's procedural default. (Doc. 12 at 11–13).

Further, where there is no clearly established federal law that the delay before Petitioner was appointed counsel violated the Sixth Amendment—discussed in detail in analyzing Petitioner's second ground for relief below—there is no clearly established federal law that Petitioner's attorney's failure to object to the delay once appointed violated the Sixth Amendment. Thus, the Court adopts the R&R on ground one.

### b. Ground Two

In ground two, Petitioner asserts the "denial of the right to counsel during seven-month delay between initial appearance and arraignment violated [his] Fifth, Sixth, and Fourteenth Amendment rights and constitutes structural error requiring reversal." As noted above, Petitioner did not properly object to the R&R and merely repeated his substantive

arguments that he was prejudiced by the seven-month delay in appointing counsel. (*See* Doc. 21 at 22–28). However, the Court will analyze this claim as it is the crux of Petitioner's argument.

As the Magistrate addressed in the R&R, this is a Sixth Amendment Claim. (*See* Doc. 12 at 14–18). Specifically, Petitioner claims he was denied counsel during a critical stage of the proceedings between his initial appearance on August 14, 2013, and his arraignment on March 17, 2014. (Doc. 3 at 21).

Petitioner presented this claim on direct appeal, and the Arizona Court of Appeals denied the claim, finding Petitioner "has not established a deprivation of counsel amounting to structural error" because "the period of pre-arraignment delay was not a critical stage of the trial process" since Petitioner "was not subjected to a confrontation with the State and did not face any proceeding testing the merits of his case." (Doc. 10-1, Ex. H, at 4–5) (internal quotations omitted). Further, the Court of Appeals noted the record does not "show that Petitioner requested counsel or that the court denied such a request, or that Petitioner lost any significant rights over that period." *Id.*

As the Magistrate set forth in addressing this claim on the merits in the R&R, "Petitioner must show that the state court's adjudication of this claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (Doc. 12 at 16) (citing 28 U.S.C. § 2254(d)). The Magistrate found Petitioner did not meet this bar. (Doc. 12 at 16). The Court agrees.

First, Petitioner was not entitled to counsel at the initial appearance. *See State v. Cook*, 724 P.2d 556, 561 (Ariz. 1986) ("In Arizona, an initial appearance is a proceeding at which a person is advised of his right to counsel and steps are taken toward obtaining counsel for subsequent proceedings.") (citing Ariz. R. Crim. P. 4.2). But, as the Supreme Court of the United States held in *Rothgery v. Gillespie County*, the right to counsel

attaches at the initial appearance and "counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as the trial itself." 554 U.S. 191, 212 (2008). The Supreme Court's holding in *Rothgery* was "narrow" and did "not decide whether [a] 6-month delay in appointment of counsel resulted in prejudice to Rothgery's Sixth Amendment rights" and did not "consider what standards should apply in deciding" this issue. *Id.* at 213.

The Court finds there is no clearly established federal law (i) holding a seven-month delay in appointing counsel here was unreasonable; (ii) that unreasonable delay in appointing counsel constitutes structural error; or (iii) concerning what courts are required to consider when addressing whether a delay was unreasonable. Thus, the Court finds the Arizona Court of Appeals rejecting Petitioner's claims was not contrary to nor an unreasonable application of clearly established federal law.

Further, Petitioner cannot establish prejudice. No hearings took place during the delay, and—as the R&R and the Arizona Court of Appeals found based on testimony from Petitioner's investigator—any potential allegedly exculpatory video evidence would have been erased in June 2013, long before Petitioner's initial appearance on August 14, 2013. (*See* Doc. 10-1 at 87). The Court adopts the R&R with respect to ground two.

### c. Ground Three

In ground three, Petitioner asserts the trial court erred in denying his motion to suppress DNA evidence depriving Petitioner of his Fifth Amendment right to a fair trial. The R&R found the Petitioner did not allege facts or assertions regarding his Fifth Amendment violation claim and rather his argument hinges on violations of his Fourth Amendment rights. (Doc. 12 at 19). Furthermore, the R&R found that Petitioner's Fourth Amendment claim is non-cognizable on federal habeas review because Petitioner was afforded a full and fair opportunity to litigate the Fourth Amendment claim when the state court heard and considered his claim. (Doc. 12 at 20). Petitioner instead repeats the arguments in his petition that the trial court should have granted his motion to suppress DNA evidence. (Doc. 21 at 29–31). The Court finds there have been no specific objections

to this portion of the R&R and the Court adopts the R&R with respect to ground three.

### d. Ground Four

In ground four, Petitioner asserts the Court should vacate his convictions and sentences based on the cumulative prejudicial errors. As Respondents point out in their reply, Petitioner has not offered specific objections to the R&R with respect to ground four. (Doc. 30 at 3). The R&R found this claim was procedurally defaulted without excuse, (*see* Doc. 12 at 20–22), but Petitioner's objection does not address procedural default whatsoever and instead repeats his arguments that alleged cumulative error requires his convictions to be vacated, (*see* Doc. 21 at 32–33). The Court finds there are no specific objections to this portion of the R&R and the Court adopts the R&R with respect to ground four.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 12) is **ADOPTED**.

**IT IS FURTHER ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a certificate of appealability is **DENIED** because Petitioner has not shown jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of denial of a constitutional right.

**IT IS FURTHER ORDERED** Petitioner's motion for case status (Doc. 28) is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's motion for leave to file a response to Respondents' reply (Doc. 31) is **DENIED**.

…

…

…

…

…

**IT IS FURTHER ORDERED** Respondents' motion to strike Petitioner's motion for leave to file a response (Doc. 32) is **DENIED**.

Dated this 21st day of August, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge